**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

**ROBERT S. LASNIK**
DISTRICT JUDGE                                                                                          (206) 370-8810

August 13, 2012

**Delivered Via CM/ECF**

    RE:    <u>Sunstream Corp. v. Hewitt Mach. & Mfg., Inc.</u>, C12-316RSL
             Stipulated Protective Order

Dear Counsel:

On August 6, 2012, the Court received your proposed "Protective Order" (Dkt. # 19). Pursuant to Fed. R. Civ. P. 26(c), protective orders may be entered to protect confidential commercial information and/or to limit the scope of specific disclosures. Such protective orders may issue upon a showing of good cause.

Although parties may agree on confidentiality among themselves, when they request that the Court be involved, the proposed order must be narrowly drawn, identifying both the type of information that is to be protected and, if not obvious, the reason such protection is warranted. The order must also comply with applicable federal and local rules.

The agreed protective order submitted in this case is deficient in the following respects:

        First, the request is too broad. The terms of the proposed order allow the parties too much discretion to designate information as "Confidential," "Highly Confidential," etc. Any protective order entered by the Court must clearly and specifically identify the documents subject to the order.

        Second, the parties have not shown that their interests in the "confidential materials" at issue outweigh the public's right of access to Court documents. For example, the parties have not shown that restrictions on the dissemination of "proprietary, confidential, and/or commercially sensitive information," beyond those already accorded by the Local Rules, are necessary to protect persons from annoyance,

embarrassment, oppression, or undue burden or expense, as contemplated by Fed. R. Civ. P. 26(c).

Third, the Court will not rule on a motion to seal that does not include the documents sought to be sealed. To the extent ¶ 4 provides differently, it must be amended. The Court notes that Local Rule 5(g)(3) and (5) pre-authorizes the filing of documents under seal for the limited purpose of obtaining a ruling on a motion to seal and allows for withdrawal of a document if the Court denies the motion.

Fourth, contrary to the terms of ¶ 11, the Court will not pre-authorize the filing of any document under seal.

Fifth, the Court wishes to make clear that it has no desire to become embroiled in disputes over what may or may not constitute protective materials, see ¶ 11, or who may qualify as an appropriate expert, see ¶ 8. Excessive litigation over such collateral matters will not be tolerated.

Sixth, while it is acceptable for parties to limit their own ability to share "confidential" material to designated individuals, it should be noted that, absent an extraordinary showing, the courtroom will remain open to the public throughout these proceedings. Access to the transcript of courtroom proceedings will be restricted only upon motion and a compelling showing that the need for confidentiality outweighs the public's right of access. Further, the Court notes that should it decline to seal a document in the docket, that document will be available to the public and effectively cease to be confidential unless withdrawn.

Finally, the order must contain a provision that the Court may change the terms of the protective order on its own motion after notice to the parties and an opportunity to be heard.

For these reasons, the protective order received by the Court will remain lodged in the file, but will not be entered.

Sincerely,

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge