THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUNSTREAM CORPORATION, a Washington corporation,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>HEWITT MACHINE & MANUFACTURING, INC., a Minnesota corporation,<br><br>　　　　　　　Defendant. | No. 2:12-cv-00316-RSL<br><br>**UNOPPOSED MOTION SEEKING LEAVE TO FILE EXHIBITS UNDER SEAL**<br><br>**NOTE FOR MOTION CALENDAR:**<br>**AUGUST 16, 2012** |

　　Concurrently with this Motion Seeking Leave to File Under Seal, defendant Hewitt Machine & Manufacturing, Inc. ("Hewitt") is filing its Motion for Summary Judgment of Noninfringement. In support of its motion for summary judgment, Hewitt is submitting four one-page exhibits comprising detailed engineering drawings of parts of its Model 6100, 8100, 10100, 12100, and 18100 hydraulic boat lifts. Pursuant to Local Rule CR 5(g), Hewitt respectfully requests the Court's permission to file those four one-page engineering drawings under seal. This motion is supported by the Declaration of Larry Hewitt. Sunstream does not oppose this motion to file under seal.

UNOPPOSED MOTION SEEKING LEAVE TO FILE UNDER SEAL
(2:11-cv-00316-RSL) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## I.     ARGUMENT

This case involves allegations by plaintiff Sunstream Corporation ("Sunstream") that Hewitt is infringing United States Patent No. 5,908,264 ("the '264 patent") by making, offering for sale, and selling its hydraulic lifts, including Hewitt's Model 6100, 8100, 10100, 12100, and 18100 hydraulic boat lifts. Hewitt's motion for summary judgment of noninfringement is based Hewitt's assertion that the accused boat lifts do not include "rear booms pivotably connected to the base at a location *near* the intermediate transverse beam," a claim limitation that appears in each and every claim of the '264 patent. '264 patent, 7:56-57; 8:49-50 (emphasis added).

In support of its motion for summary judgment, Hewitt is relying on, in addition to other documents, four engineering drawings that provide detailed measurements for the Long Side Beams for the Model 6100, 8100, 10100, 12100, and 18100 hydraulic boat lifts. These documents are included as Exhibits 8, 12, 13, and 15 to the declaration of Larry Hewitt submitted in support of Hewitt's motion for summary judgment.[1] The Long Side Beam form part of the base for the boat lifts, and the "rear booms" and the "intermediate transverse beam," as those terms are used in the '264 patent, are attached to the Long Side Beam in the accused products. The engineering drawings thus provide precise measurements supporting Hewitt's assertion that in its hydraulic lifts there are no rear booms that are attached to the base at a location "near" the intermediate transverse beam.

Hewitt does not make engineering drawings of parts for its hydraulic boat lifts publicly available, and takes reasonable steps to maintain the confidentiality of these drawings. Hewitt Decl. ¶ 3.[2] Furthermore, if Hewitt's engineering drawings were to become publicly available it is likely that Hewitt would suffer competitive harm. *Id.* Although these engineering drawings for just the Long Side Beam, because these drawings are to scale and include detailed

---

[1] The Model 8100 and Model 10100 hydraulic lifts share the same Long Side Beam and thus there is a single one-page exhibit that relates to the Long Side Beam for those two lifts.

[2] References to "Hewitt Decl. ¶ __" are to the declaration of Larry Hewitt submitted in support of this Motion Seeking Leave to File Under Seal.

UNOPPOSED MOTION SEEKING LEAVE TO FILE UNDER SEAL
(2:11-cv-00316-RSL) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

information about numerous subparts that make up the Long Side Beam, public access to these drawings would provide more detail about the structure of the boat lifts than a competitor could obtain simply by observing a physical specimen of Hewitt's boat lifts. Furthermore, this Court has recognized that engineering drawings can constitute trade secrets. *Ossur Holdings, Inc. v. Bellacure, Inc.*, No. C05-1552JLR, 2006 WL 2401269 at *2 (W.D. Wash. Aug. 18, 2006) (citing *Boeing Co. v. Sierracin Corp.*, 738 P.2d 665, 675 (Wash. 1987)).

Hewitt's interest in maintaining these detailed engineering drawings under seal significantly outweighs the public's interest in access to these detailed drawings. The overall structure of the boat lifts and the specific lengths at issue in the summary judgment motion are addressed in other exhibits submitted in support of Hewitt's motion and in Hewitt's memorandum in support of the motion. None of the other dimensions and measurements disclosed in the engineering drawings is relevant to the motion for summary judgment. Nor are they of general public interest. Finally, Hewitt is only seeking to file under seal a very small percentage of the documents it is filing in support of its motion for summary judgment under seal, thus striking the right balance between its interest in preserving the confidential and proprietary nature of the engineering drawings and the public's right of access.

Because each of these one-page exhibits constitute an engineering drawing, it is not feasible to file redacted copies of these exhibits. Redacting the measurements is not only impractical, but because the drawings are to scale and Hewitt discloses some of the measurements included in the drawings in its memorandum, it would be easy to recreate the other measurements if only the measurements were redacted. For these reasons, Hewitt is seeking to file the entire engineering drawings under seal.

## II.   CONCLUSION

For the foregoing reasons, Hewitt respectfully requests the Court's permission to file under seal Exhibits 8, 12, 13, and 15 to the Hewitt declaration in support of Hewitt's motion for summary judgment of noninfringement under seal.

UNOPPOSED MOTION SEEKING LEAVE TO FILE UNDER SEAL
(2:11-cv-00316-RSL) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Respectfully submitted this 16th day of August, 2012.

s/ *Kaustuv M. Das*
Kaustuv M. Das, WSBA No. 34411
Email: kmdas@perkinscoie.com
Ryan J. McBrayer, WSBA No. 28338
Email: rmcbrayer@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendant Hewitt Machine & Manufacturing, Inc.

## **ORDER**

**IT IS SO ORDERED.**

Dated this 27th day of August, 2012.

*[signature: MW S Lasnik]*
Robert S. Lasnik
United States District Judge

Presented by:

Perkins Coie LLP
Attorneys for Hewitt Machine & Manufacturing, Inc.

By /s/ *Kaustuv M. Das*
Kaustuv M. Das, WSBA 34411
Email: kmdas@perkinscoie.com
Ryan J. McBrayer, WSBA No. 28338
Email: rmcbrayer@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

UNOPPOSED MOTION SEEKING LEAVE TO FILE UNDER SEAL
(2:11-cv-00316-RSL) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000